UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA E. ELLISON,

      Plaintiff,

v.                         Case No: 2:15-cv-00246-FTM-29MRM

COCA-COLA REFRESHMENTS
USA, INC.

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. #9) on May 18, 2015.  Defendant filed a Response (Doc. #10) on May 29, 2015.  For the reasons set forth below, the motion is denied.

Plaintiff Patricia E. Ellison filed a negligence action in state court in which she claimed she suffered bodily injury and pain and suffering due to Defendant negligently erecting a product display case that fell and struck Plaintiff.  (Doc. #2, ¶¶ 2-3.) Plaintiff claims that as a result, her damages include pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  (Id.)  Excluding costs and attorney's fees, the claim

1

asserted is for damages in excess of $15,000, the state circuit court jurisdictional amount. (Id. at ¶ 1.)

Defendant filed a Notice of Removal (Doc. #1) based upon diversity of citizenship and damages in excess of $75,000. The parties agree there is complete diversity of citizenship, but disagree as to the amount in controversy component. Because Defendant seeks federal jurisdiction, Defendant carries the burden to establish all components of diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act (JVCA), which "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). Under the JVCA, where removal is based upon diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As an exception to this rule, the Notice of Removal may assert the amount in controversy if the initial pleading seeks a money judgment, "but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and "the district court finds, by the preponderance of the evidence,

that the amount in controversy exceeds the amount specified in section 1332(a)." Id. § 1446(c)(2)(A),(B). A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount. Dart, 135 S. Ct. at 554.

In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint. Therefore, the issue is whether Defendant's Notice of Removal has plausibly alleged that the amount in controversy exceeds $75,000.

In the Complaint, Plaintiff Patricia E. Ellison alleges that she suffered bodily injury as a result of Defendant's negligence. (Doc. #2, ¶¶ 2-3.) She seeks damages for past and current medical expenses (Doc. #1-4, ¶¶ 4, 9; Doc. #2, ¶ 3; Doc. #9, ¶ 7), future medical expenses (Doc. #1-4, ¶ 4; Doc. #2, ¶ 3), lost income (Doc. #1-4, ¶ 5; Doc. #9, ¶ 7), and lost earning capacity (Doc. #1-4, ¶ 6). Based on these asserted damages, Defendant alleges that the amount in controversy exceeds $75,000. (Doc. #1.) In support, Defendant points to the following facts: (1) Plaintiff refuses to provide an amount in controversy or stipulate to damages (Doc. #1, ¶ 19; Doc. #1-3, ¶ 5; Doc. #1-6, ¶ 1; Doc. #1-8; Doc. #1-10; Doc. #1-12); (2) Plaintiff concedes that her total medical expenses thus far are just under $15,000 (Doc. #9, ¶ 7); (3) the $15,000 of conceded medical expenses does not include physical/chiropractic treatment (Doc. #1, ¶ 37); (4) Plaintiff has only disclosed past

medical expenses from two of the nine doctors she saw (Doc. #1, ¶ 37; Doc. #1-16; Doc. #1-17); and (5) Plaintiff seeks additional recovery for lost income and loss of future earning capacity (Doc. #1-4, ¶ 6). In response, and in apparent contradiction to her allegations in the Complaint, Plaintiff argues that "this is not a case involving a significantly debilitating personal injury," (Doc. #9, ¶ 4), and that "the possibility that the claim could be valued over $75,000 does not" suffice for federal jurisdiction (Id. at ¶ 8).

As the Eleventh Circuit has explained, there are many reasons why a plaintiff would refuse to stipulate to damage amount. Williams, 296 F.3d at 1320. Therefore, as in this case, Plaintiff's refusal to stipulate to the amount of damages adds little weight. But, the Court is satisfied that Defendant has plausibly alleged that the amount in controversy exceeds $75,000 for following reasons.

According to Plaintiff's interrogatory response, she has seen a total of nine doctors subsequent to her injury. (Doc. #1-4; ¶ 19.) Plaintiff has only disclosed past medical expenses from two of the nine doctors she saw. (Doc. #1, ¶ 37; Doc. #1-16; Doc. #1-17.) Plaintiff concedes that her total medical expenses thus far are just under $15,000, but it is unclear which medical expenses are included in that amount. (Doc. #9, ¶ 7.) Defendant alleges that this amount does not include calculations regarding

physical/chiropractic treatment costs, and Plaintiff offers no evidence to rebut this allegation. (Doc. #1, ¶ 37.) Defendant has calculated the total cost of physical/chiropractic treatments to be between $7,000 and $10,500. (Id. at n. 12.) The Court finds this estimate to be reasonable, as Plaintiff has stated in February 2015 that she sees the chiropractor three times per week to ease the pain of headaches, (Doc. #1-4, ¶ 4), and according to the chiropractic records beginning in February 2013, each session costs $40 (Doc. #1-17). While these records are incomplete, there is no indication from Plaintiff's interrogatory response or Motion to Remand that she ever stopped receiving chiropractic treatment. Therefore, as Defendant argues, she would have seen a chiropractor approximately 200 times, making her chiropractic bill roughly $8,000.

In addition to recovery for medical expenses, Plaintiff also seeks additional recovery for lost income and loss of earning capacity. Plaintiff stated that she has a loss of income of near $20,000. (Doc. #9, ¶ 7.) She seeks additional unspecified damages for loss of future earning capacity. (Doc. #1-4, ¶ 6.) According to Plaintiff's interrogatory response, she earns $11.01 per hour.[1] (Doc. #1-4, ¶ 7.) She also stated that before the accident, she

---

[1]The exact pay rate has been redacted from Plaintiff's interrogatory response (Doc. #1-4); however, Defendant uses $11.01 in the calculations, and Plaintiff does not contradict this rate.

worked approximately 30 hours per week, but since the accident she has only been able to work five to eight hours per week. (Id.) She further stated that after the age of 66, if not for the accident, she would have been able to work 40+ hours per week. (Id.) Using this information, Defendant has calculated the loss of earning capacity from November 6, 2013 and April 15, 2015 to be approximately $27,000. (Doc. #1, ¶¶ 24, 34, n. 12.) Plaintiff does not contradict this amount other than to argue that it is speculative. (Doc. #9, ¶¶ 7-8.) The Court finds Defendant's estimate reasonable.

Combining Defendant's reasonable estimates for physical/chiropractic care and one year of lost wages with Plaintiff's reported $15,000 in already-incurred medical bills results in a total of approximately $50,000 in accrued damages.[2] As alleged by Defendant and unchallenged by Plaintiff, this amount does not include medical bills from seven other doctors, future medical expenses, pain and suffering, and additional lost wages incurred after April 2015. Accordingly, the Court concludes that Defendant has plausibly alleged that the amount in controversy at the time of removal exceeded $75,000.

Accordingly, it is hereby

---

[2]Reported medical bills ($15,000) + physical/chiropractic treatment ($8,000) + one year of lost wages ($27,000) = $50,000 total.

**ORDERED:**

Plaintiff's Motion to Remand (Doc. #9) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of

November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of record